UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

|                              |   |                          |
|------------------------------|---|--------------------------|
| UNITED STATES OF AMERICA,    | ) |                          |
|                              | ) | Criminal No. 11-16-GFVT  |
| Plaintiff,                   | ) |                          |
|                              | ) |                          |
| V.                           | ) | **ORDER**                |
|                              | ) |                          |
| MICHAEL HATFIELD,            | ) |                          |
|                              | ) |                          |
| Defendant.                   | ) |                          |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the reported violations of supervised release conditions by Defendant Michel Hatfield. This issue was referred to Magistrate Judge Hanly A. Ingram [R. 126], who conducted a hearing pursuant to Federal Rule of Criminal Procedure 32.1(b). [R. 135]. Following this hearing, Judge Ingram prepared a Recommended Disposition, in which he recommended revocation of supervised release, imprisonment for a term of one day, and an additional supervised release term of thirty-five (35) months and twenty-nine (29) days subject to the same conditions of the Court's judgment dated September 26, 2011. [R. 136]. Judge Ingram also recommended that Hatfield submit to two additional conditions of supervised release including weeWillkly drug testing at the USPO in London, Kentucky for the first six months of his supervised release and outpatient drug treatment and counseling at the direction of the USPO. [R. 136].

Pursuant to 28 U.S.C. § 636(b)(1), a party has fourteen days after being served with a copy of the Recommended Disposition to file a specific written objection. Upon receiving an objection by a party, this Court must conduct a de novo review of the portion of the Recommended Disposition to which the party specifically objected. However, as Judge Ingram warned in his Recommended Disposition, "Failure to make timely objection consistent with this statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court or Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985)." [R. 136].

As the period for the Defendant to file his objections to the Recommended Disposition has passed and no objection has been raised, the Defendant has effectively waived any rights he might have had to de novo review by this Court or an appeal in the Court of Appeals. Further, the Defendant has recently filed a waiver of allocution [R. 138], expressly waiving any right he might have had to a hearing prior to a final judgment by this Court. Therefore, the Court having now reviewed the Recommended Disposition hereby accepts the recommendation of the Magistrate Judge and adopts it as and for the opinion of this Court.

Accordingly, it is **ORDERED** as follows:

1. The Final Hearing scheduled for Wednesday, January 23, 2013 is **CANCELLED** in light of the Defendant's recently filed Waiver of Allocution. [R. 138].

2. The Magistrate Judge's Recommended Disposition [R.136] is **ADOPTED** as and for the opinion of this Court;

3. The Defendant's supervised release is revoked in favor of imprisonment for a term of one day, and an additional supervised release term of thirty-five (35) months and twenty-nine (29) days subject to the same conditions of the Court's judgment dated September 26, 2011,

as well as two additional conditions of supervised release including weekly drug testing at the USPO in London, Kentucky for the first six months of his supervised release and outpatient drug treatment and counseling at the direction of the USPO; and

    4.    An Amended Judgment shall be entered.

This the 23rd Day of January, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge